# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

CITIZENS OF NEW MEXICO,

      Plaintiffs,

v.                                 No. CV 15-0131 MCA/KK

CAPTAIN ARAGON, WARDEN E. BRAVO,
ASSOCIATE WARDENS R. ULIBARRI and
J. JOHNSON, et al.,

      Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and rule 12(b)(6) of the Federal Rules of Civil Procedure, on Plaintiffs' civil rights complaint. In addition to the parties named in the caption, the body of the complaint lists seventeen Plaintiffs and twenty-two Defendants. Plaintiff Cain, appearing pro se and proceeding in forma pauperis, signed the complaint as "Spokesman for All Citizens of New Mexico." For reasons set out below, the complaint will be dismissed.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under § 1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In reviewing this pro se complaint, the

Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations.   *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint consists of five Claims, based on allegations of threats by Captain Aragon and pretextual, retaliatory disciplinary proceedings against inmates.   These actions have allegedly violated Plaintiffs' rights under the First, Fourth, Fifth, Eighth, and Fourteenth Amendments. The complaint seeks damages and certain equitable relief.

As a preliminary matter, Plaintiff Cain also filed a Motion for Certification of a Class Action (Doc. 16).   "A litigant may bring his own claims to federal court without counsel, but not the claims of others."   *Fymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000) (affirming dismissal of purported class action brought by pro se plaintiff).   The Court will deny the motion.   Similarly, even if Plaintiff Cain were not seeking class certification, he may not prosecute the claims of Plaintiffs Citizens of New Mexico or the other named inmate Plaintiffs. *See Cotner v. Hopkins*, 795 F.2d 900, 902 (10th Cir. 1986) ("The general rule . . . is that a plaintiff must assert his own constitutional rights."); *see also Reynoldson v. Shillinger*, 907 F.2d 124, 125 (10th Cir. 1990) ("[T]o the extent a complaint concerns 'inmates' rather than the plaintiff himself, it is dismissable for failure to allege the plaintiff's standing to proceed.") (citing *Foremaster v. City of St. George,* 882 F.2d 1485, 1487 (10th Cir. 1989)).   As the Court of Appeals for the Tenth Circuit has stated recently, "the district court properly dismissed [the plaintiff]'s claims alleged on behalf of other prisoners or the general prison population because [plaintiff] lacked standing to bring them."   *Sherratt v. Utah Dep't of Corr.*, 545 F. App'x 744, 747 (10th Cir. 2013).   Plaintiff does not have standing to prosecute claims of the other named Plaintiffs.   The court will dismiss these claims.

Plaintiff Cain's only allegation of unconstitutional conduct against him is that "Captain

Aragon threatened to place us in imminent harm and to penalize us for refusing to endanger our lives." As noted above, Defendant Aragon allegedly penalized four inmates--not including Plaintiff Cain--by initiating pretextual disciplinary charges against them. As a result, Plaintiff has failed to allege either that <u>he</u> was subjected to unconstitutional conduct, *cf. Collins v. Cundy*, 603 F.2d 825, 827 (10th Cir. 1979) (affirming dismissal of claims for "verbal harassment or abuse"), or that Defendants' actions caused him a "relevant actual injury," *Lewis v. Casey*, 518 U.S. 343, 351 (1996). The Court will therefore dismiss Plaintiff Cain's claims for failure to state claims for relief under 42 U.S.C. § 1983.

IT IS THEREFORE ORDERED that Plaintiff Cain's Motion for Certification of a Class Action (Doc. 16) is DENIED, the claims of named Plaintiffs other than Cain are DISMISSED without prejudice for lack of jurisdiction, Plaintiff Cain's claims are DISMISSED with prejudice, the complaint is DISMISSED, and judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE

3